## HANYE *v.* CANDLER, Judge.

*Simmons, C. J.*—1. Where a motion for a new trial is based exclusively on the ground of newly discovered evidence, and it appears that the evidence relied on is cumulative only and would not probably produce a different result, the motion should be denied.

2. In the present case the vital and controlling issue contested at the trial was whether or not the accused struck the deceased with a knife while both were in a standing position. The accused introduced evidence tending to show he did not so strike, and which, if the same had been believed by the jury, would have established the truth of the accused's contention upon this point. The newly discovered evidence on which the extraordinary motion for a new trial is based is on the same line, and though more direct, is nevertheless only cumulative of the evidence introduced by the accused upon the issue above mentioned; and, in the face of the established and undisputed physical facts of the case, it is not probable that this evidence, had it been introduced at the trial, would have led to a different verdict, or would do so upon another hearing.

3. The motion above referred to being without legal merit, the trial judge did not err in refusing to grant a rule *nisi* thereon; and this being so, the Supreme Court will not grant a *mandamus nisi* to the end that he may be compelled to certify a bill of exceptions in which the only error assigned is the refusal to grant such rule *nisi*.                    *Mandamus nisi denied.*

September 2, 1896.

Application for *mandamus*, to which is attached a copy of the bill of exceptions presented to Judge Candler on September 1, 1896, and which he refused to certify. From this it appears, that after the affirmance by the Supreme Court of the judgment overruling the original motion for new trial, the defendant was resentenced to be executed on the seventh of August and was respited by the Governor until the fourth of September; and that on August 31, his counsel presented to the judge an alleged extraordinary motion for a new trial, based upon newly discovered testimony of Watt Gantt, who testifies, in brief, that he was present in the bar-room at the time of the fight between

defendant and deceased, and heard them quarreling; that deceased said, "If you call me a damned lie, I'll slap your face," and defendant replied, "You is a damned lie"; that deceased then hit defendant with his hand, hard enough to stagger defendant and knock his hat off, and the two then clinched, hugged each other closely, scuffled, tripped and fell to the floor, their faces being close together; that they scuffled a little while upon the floor, and were separated by two other persons; that witness then saw a knife in defendant's hand; and that defendant did not strike deceased nor cut him with the knife, but if he was cut it was when or after they fell to the floor.     Accompanying Gantt's affidavit are affidavits by defendant and his counsel, as to their previous diligence and their inability to obtain the testimony of Gantt sooner than they did; and affidavits in support of his character, etc.     The judge, after reading and considering the motion, refused to entertain it or to grant a rule *nisi* thereon; and upon this ruling the bill of exceptions is predicated.     In refusing to certify the bill, the judge says, among other things:  Gantt's affidavit does not raise any new idea or question in the case, but follows exactly the line of defence at the trial, upon which line the testimony of three named witnesses was introduced (beside cross-examining every other witness to the transaction), and which defence was shown to be untrue by eye-witnesses and incontrovertible physical facts, it appearing from their testimony that defendant stabbed deceased in the head while standing, and this testimony being corroborated by that of a physician, to the effect that the knife wound was an inch and a half deep, and touched from a point on the side of the head downward at an angle of 60 or 65 degrees, and that there was another stab on the left hip, of the same width as that on the head; that both wounds were stabs, straight in, no cutting; and that the cut in the hat of deceased, in evidence, corresponds with the stab in his head. Other witnesses swore to seeing blood spurt from deceased's

head before either fell to the floor; while a witness for defendant swore that both were bareheaded before either fell. The testimony now offered is but cumulative, its only tendency being to support evidence to the same effect offered by defendant at the trial, and to impeach witnesses for the State, including the physical facts appearing from the testimony of others.

*Austin & Park* and *W. R. Hammond,* for movant.