19899.   BAUMBACH *v.* DICKENS *et al.*

SUBMITTED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958.

*Grady L. Randolph, Joseph B. Kilbride,* for plaintiff in error.
*Norman H. Fudge,* contra.

ALMAND, Justice.   The judgment under review is one denying a motion for a new trial in a proceeding to probate in solemn form the alleged will of Helen Dickens, wherein the jury returned a verdict in favor of the caveators and a judgment was entered denying probate.

■   The sole ground of the caveat filed by the heirs of Helen Dickens was that she did not sign or execute the document propounded as her will, and that which purports to be her signature on the document was and is a forgery.   The paper offered as her will purports to have been signed by "Mrs. Helen Dickens" and witnessed by Della Sherwood, W. E. Gresley, and Lillian Renzella.   On the trial, the propounder, Mrs. Claude Baumbach, testified that she was the mother of Mrs. Dickens; that, at Mrs. Dickens' request and dictation, she wrote the will offered for probate and was present when Mrs. Dickens signed the paper in the presence of the named witnesses, who signed the purported will in her presence and in the presence of each other.   None of the alleged witnesses testified on the trial.   There was evidence that Della Sherwood, a sister of Mrs. Dickens, was dead; that Lillian Renzella, also a sister of Mrs. Dickens, resided in Detroit, Michigan, and was ill (no reason was given why her deposition was not procured); and that the address of W. E. Gresley was unknown.   The caveators introduced some 14 documents, executed between 1946 and 1951, which were identified as bear-

ing the signature of Mrs. Dickens. Two of Mrs. Dickens' children and a son-in-law testified that they were familiar with her handwriting, and that the signature of their mother on the purported will was not in her handwriting. Two handwriting experts testified that, in comparing the signatures of Mrs. Dickens on the documents introduced in evidence with the writing of her name in the purported will, they were of the opinion that the signatures were not written by the same person, one of them testifying that the name "Mrs. Helen Dickens" on the purported will had the appearance of being a carbon copy, and that the signatures of two of the witnesses had the appearance of being traced.

The only special ground of the motion for new trial is that, since the trial, new and material facts have been discovered that would, on another trial, produce a different result favorable to the propounder. The alleged newly discovered evidence was that one W. E. Gresley, one of the subscribing witnesses to the purported will, had been located in Springfield, Massachusetts; and that he would testify that he was present at the time the purported will was executed; that he witnessed the signing of the will by Mrs. Dickens and by the two other witnesses, and that he signed the paper as a witness.

This ground of the motion, as to content and form, complies with the provisions of Code §§ 70-204, 70-205, and the sole question is whether or not the newly discovered evidence is merely cumulative in its character. Counsel for the propounder argues that, since on the trial the only witness who testified as to the actual execution of the alleged will was the propounder, who was interested as a party and as a legatee of her husband, a beneficiary under the terms of the alleged will, and since the only disinterested witnesses testifying for the caveators were the handwriting experts, the testimony of Gresley as a non-interested witness would be evidence of a higher and a different grade from that offered by the propounder on the material part of whether Mrs. Dickens actually signed the will and whether her signature was witnessed by three competent witnesses.

The order of the trial judge in refusing to grant a new trial on the ground of newly discovered evidence will not be disturbed unless it is shown that he has abused his discretion. *Welch* v. *State*, 190 *Ga.* 161 (3) (8 S. E. 2d 645). "Courts are not obliged

to grant a new trial for newly discovered evidence unless they are reasonably convinced that on another trial there would probably be a different verdict." *Young* v. *State,* 56 *Ga.* 403 (4). Newly discovered evidence which is merely cumulative, that is, tends to establish a fact in relation to which there was evidence upon the trial, is not good cause for a new trial. *Roberts* v. *State,* 3 *Ga.* 310; *Walea* v. *Pierce,* 202 *Ga.* 367 (3) (43 S. E. 2d 268). "Evidence is cumulative when it goes to the fact principally controverted on the former trial, and respecting which, the party asking for a new trial, produced testimony." *Grubb* v. *Kalb,* 37 *Ga.* 459; *Malone* v. *State,* 49 *Ga.* 210 (14). Where the newly discovered evidence consists of more evidence of the same kind and to the same point and would be in support of the testimony of the defendant and to the discredit of the plaintiff, it is cumulative and not cause for a new trial. *Brinson* v. *Faircloth,* 82 *Ga.* 185 (1) (7 S. E. 923); *Coggin* v. *Parks,* 85 *Ga.* 516 (11 S. E. 840); *Hanye* v. *Candler,* 99 *Ga.* 214 (2) (25 S. E. 606).

"Evidence is not rendered noncumulative, so as to afford a basis for demanding a new trial on the ground of newly discovered evidence, merely because it is to be furnished by a stranger to the litigation upon a matter otherwise covered only by the testimony of the parties." King v. Consolidated Products Co. 159 Kan. 608 (2) (157 Pac. 2d 541, 158 A. L. R. 1248). This ruling appears to be supported by the weight of authorities from other jurisdictions, as revealed in an annotation to this case contained in 158 A. L. R. 1253, 1255.

The alleged newly discovered evidence here goes solely to the main question at issue, viz., the factum of the will. There was evidence both pro and con on this issue. The evidence was sufficient to support a verdict either for or against the will. All that the newly discovered evidence does is to corroborate and support the testimony of the propounder as to the execution of the will and to discredit the testimony of the witnesses for the caveators. It is therefore cumulative in character and does not relate to new and material facts. Furthermore, even if the newly discovered evidence was noncumulative, in the light of the evidence it is not likely that another trial would produce a different verdict.

The court did not abuse its discretion in denying the motion for a new trial on the grounds of newly discovered evidence.

■ The verdict of the jury in favor of the caveators is supported by the evidence, and it was not error to overrule the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*