### 64734. THE HON COMPANY et al. v. DOBBS.

POPE, Judge.

On September 29, 1980 claimant-appellee Dobbs sustained an on-the-job injury to his lower back while employed by appellant, the Hon Company, as a press operator. Dobbs was treated for this injury, received workers' compensation benefits, and returned to work on December 29, 1980. On that day he experienced increased back pain upon pulling a die weighing approximately fifty pounds from the press machine. Due to this pain, Dobbs left his job before his shift ended, and he did not ever return to work at The Hon Company. He obtained medical treatment both on the night of the December 29th incident and subsequent to it.

Compensation benefits were suspended with Dobbs' return to work on December 29, 1980. On June 3, 1981 a hearing was held before an Administrative Law Judge ("ALJ") to determine his claimed change of condition. The ALJ awarded compensation from the date of the previous suspension until September 15, 1981, the date on which Dobbs would be able to return to normal work. The termination date for benefits was based upon the medical report of Dr. Joseph Barnett in which he described his physical examination of Dobbs on July 31, 1981 and placed limitations upon his work activities for a period of six weeks thereafter. On appeal to the State Board of Workers' Compensation ("the board"), the findings, conclusions and award of the ALJ were adopted with the exception of the September 15, 1981 date of his projected return to work and termination of compensation. The board's amended award was affirmed by the superior court.

Appellant employer contends that the superior court erred as a matter of law in failing to remand this case to the board for the taking of additional evidence. In support of this contention, appellant argues that the board was incorrect in declining to grant its oral motion to remand to the ALJ for submission of the employer's evidence in support of its assertion of Dobbs' employment in the

period after benefits were originally suspended.

The statute governing this issue is Code Ann. § 114-708 (now OCGA § 34-9-103) which provides that the board may remand the case to the ALJ "for the purpose of taking additional evidence for consideration by the full board in rendering any decision or award in the case." Rule 708(c) (now Rule 103(c)) of the board's Rules and Regulations states that "the board may receive additional evidence or remand the case to an administrative law judge for the purpose of receiving the evidence." "The taking of additional testimony can only be based on the discretion of the board under Code Ann. § 114-708 [cit.] and Rule 708." *Transp. Ins. Co. v. Ferguson,* 156 Ga. App. 715, 717 (275 SE2d 354) (1980). "That discretion must not be disturbed except in cases where it is manifestly abused." *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 346 (163 SE2d 923) (1968). Further, the evidence may be received by the board "if it is of the nature and character of newly discovered evidence required for the granting of a new trial under Georgia law." *Dennington v. Rockdale Package Stores, Inc.,* 161 Ga. App. 450, 452 (288 SE2d 709) (1982). See Rule 708(d) (now Rule 103(d)). Not only is it required that the evidence not be cumulative or simply impeaching of testimony offered in the previous hearing and that its admission would be likely to produce a different result, but it must also show " 'that the evidence was not known to the party at the time of the original hearing, and that, by reasonable diligence, this new evidence could not have been secured.' " *Insurance Co. of North America v. Nix,* 141 Ga. App. 342 (1) (233 SE2d 468) (1977).

Although the record on appeal in the case sub judice does not contain a transcript of the October 26, 1981 hearing before the board, appellant's letters to the board dated October 28 and November 6, 1981 state that they were written to renew an oral motion made at the hearing requesting a remand to the ALJ for presentation of evidence to show that Dobbs had engaged in work activities since January 7, 1981. The board's award dated November 6, 1981 contains no reference or ruling on a motion for such remand. However, because the motion and at least one letter were before the board prior to the issuance of the award, "[w]e may assume that the board considered [them] but found [them] to be without merit." *Insurance Co. of North America v. Dimaio,* 120 Ga. App. 214, 215 (170 SE2d 258) (1969). The October 28, 1981 letter to the board contains only a bare assertion of "credible information" of the fact that Dobbs had been engaged since January 7, 1981 in his profession as a contractor in the area near his home. The November 6th letter urges remand based upon "additional information of additional work [Dobbs] has done and is doing" received by appellant since the letter of October 28. We

note that the record in this case was held open from the date of the hearing before the ALJ on June 3, 1981 until August 2, 1981. See generally *Transp. Ins. Co. v. Ferguson,* supra. From the record on appeal in this case, we cannot say, nor does appellant claim, that evidence of Dobbs' alleged work activities from January 7, 1981 to November 6, 1981 could not with reasonable diligence have been previously discovered and presented. See *Insurance Co. of North America v. Dimaio,* supra.

We find no manifest abuse of the board's discretion in declining to remand this matter to the ALJ for the purpose of taking additional evidence on this point. Moreover, the superior court committed no error in affirming the board's award. "On appeal a compensation case may not be remanded to the board for newly discovered evidence. [Cits.] Of course, if the award were unsupported by competent evidence in the record, the matter could be remanded to the board for hearing further evidence — whether newly discovered or not — but where there is evidence in the record which does support the award made, neither the superior court nor this court may do so." *Hartford Acc. &c. Co. v. Snyder,* 126 Ga. App. 31, 35 (189 SE2d 919) (1972), overruled on other grounds, *Brown Transp. Corp. v. James,* 243 Ga. 701 (257 SE2d 242) (1979). Applying the "any evidence" rule in reviewing the record in the case sub judice, we find the board's award to be supported by the evidence. See *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581 (1) (234 SE2d 159) (1977); *Lockhart v. Liberty Mut. Ins. Co.,* 141 Ga. App. 476 (1) (233 SE2d 810) (1977); *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 11, 1983 —
REHEARING DENIED MARCH 8, 1983.

*Richard W. Best,* for appellants.
*Jack F. Witcher,* for appellee.