A94A2522. OLD DOMINION FREIGHT LINE, INC.
v. ANTHONY.
(454 SE2d 574)

McMURRAY, Presiding Judge.

This workers' compensation case was initiated by claimant Anthony's request for a determination of change of condition. Claimant's foot was injured in a forklift accident and he received temporary total disability benefits until they were terminated following claimant's release for return to work by the authorized treating physician.

Claimant has attempted to establish that he suffers from reflex sympathetic dystrophy. To this end some evidence was presented at a hearing before an administrative law judge who rendered a decision adverse to claimant. Claimant appealed to the appellate division and there filed multiple motions for remand to an administrative law judge to take further evidence from named medical practitioners. These motions were partially granted and the appellate division, relying heavily upon the evidence developed on remand, substituted its decision for that of the administrative law judge and entered an award ordering recommencement of total disability benefits. The appellate division's award was affirmed by the superior court whereupon the employer, Old Dominion Freight Line, Inc., sought and received leave to file this appeal. *Held:*

1. The employer challenges the appellate division's consideration of the evidence developed on remand to the administrative law judge. This evidence consists of the records and deposition of Dr. McCluskey. The employer maintains that this evidence was not properly considered because it does not satisfy the criteria for newly discovered evidence required for the granting of a new trial. Claimant responds that those criteria are inapplicable since the board may re-open a record to receive additional evidence at any time before the case leaves its jurisdiction.

"In deciding whether to remand a case to the [administrative law judge] to receive newly discovered evidence, the board is directed to apply the law of Georgia regarding the nature and character of newly

discovered evidence required for the granting of a new trial. Rule 103 (d) of the Rules of the State Board of Workers' Compensation. See also [*Hartford Accident &c. Co. v. Snyder*, 126 Ga. App. 31, 33 (3) (189 SE2d 919)] [Divisions 8 and 9 disapproved in *Brown Transport Corp. v. James*, 243 Ga. 701, 702 (257 SE2d 242)]." *Franchise Enterprises v. Sullivan*, 190 Ga. App. 767, 769 (2) (380 SE2d 68). See also *Binswanger Glass Co. v. Brooks*, 160 Ga. App. 701, 702 (1) (288 SE2d 61). Pursuant to this authority we conclude that the appellate division's authority to remand to an administrative law judge for consideration of newly discovered evidence is less than the plenary authority advocated by claimant. The criteria for newly discovered evidence required for the granting of a new trial were applicable to the remand at issue and we proceed to apply those criteria to the facts and circumstances of the case sub judice.

The bases for the grant of a new trial on newly discovered evidence are well known and need not be repeated here. See *Cantrell v. Red Wing Rollerway*, 184 Ga. App. 506, 508 (1) (361 SE2d 720). It is sufficient to note that one basis for the grant of a new trial on newly discovered evidence is that "it was not owing to the want of due diligence that the moving party did not acquire such evidence sooner." Id. The contested evidence developed on remand deals with the question of whether claimant suffers from reflex sympathetic dystrophy. However, the question of whether claimant suffers from this affliction arose prior to the original hearing before the administrative law judge and at that hearing claimant presented evidence on this issue but failed to convince the administrative law judge. On appeal to the appellate division, claimant should not have been permitted to obtain a remand to the administrative law judge for the purpose of bolstering or extending his evidence on the question of whether he suffered reflex sympathetic dystrophy. Through the exercise of due diligence claimant could have obtained the evidence developed on remand in a timely fashion. The superior court erred in affirming the appellate division's award predicated on improperly considered evidence.

2. In its second enumeration of error, the employer seeks reinstatement of the award of the administrative law judge. However, this remains a matter for decision in the first instance by the appellate division upon consideration of a record purged of the improper evidence developed on remand to the administrative law judge. This is particularly the case since the evidence in the corrected record is conflicting and does not demand any specific award, thus invoking a decision of the board as trier of fact.

3. Employer's third enumeration of error contends the superior court erred in affirming the appellate division award which failed to order suspension of benefits because the claimant refused authorized treatment. This enumeration of error predicated upon OCGA § 34-9-

200 (c) lacks merit in that this provision relates only to the refusal of treatment ordered by the board and there was in the case sub judice no such order entered by the board.

4. Employer's final enumeration of error complains of that portion of the appellate division award which required employer to pay for a psychological evaluation to determine whether there was a causal relationship between claimant's foot injury and certain "jerking episodes." However, the record shows that the evaluation was "reasonably required in order to make an intelligent and factual disposition of the claim . . . [and] [b]eing reasonably required, the board was authorized to order the employer to make payment for these expenses. [OCGA § 34-9-200.]" *Roberson v. Hartford Accident &c. Co.*, 141 Ga. App. 558, 559 (234 SE2d 145).

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 1995 — 

*Greene, Buckley, Jones & McQueen, Daniel A. Angelo*, for appellant.

*Stephen A. Friedman & Associates, Reyno B. Petree*, for appellee.