A96A0296. DISTRIBUTION CONCEPTS COMPANY et al.
v. HUNT.
(471 SE2d 539)

RUFFIN, Judge.

Anthony Hunt filed a claim for workers' compensation benefits alleging that on February 18, 1994, he injured his back while employed by Distribution Concepts Company ("Distribution Concepts"). Hunt claimed that the injury occurred when he was unloading a 125 pound bag of tea from a trailer. The administrative law judge ("ALJ") denied Hunt's claim, and the Appellate Division adopted the ALJ's award. On appeal, the superior court found that there was sufficient evidence to support the Appellate Division's award, but remanded the case to the ALJ for consideration of newly discovered evidence. We granted Distribution Concepts' application for discretionary appeal and, for reasons which follow, reverse the decision of the superior court.

At the hearing before the ALJ, Hunt testified that after the accident, he told a co-worker, Pat McBride, and his supervisor, Bill Glisson, that he injured his back. Although McBride did not testify at the hearing, Glisson denied that Hunt informed him of the accident. Distribution Concepts' warehouse manager, James Polcyn, testified that he attended Hunt's birthday party the evening of the accident and went fishing with him for approximately four hours the next morning. Polcyn stated that Hunt did not mention the injury to him on either occasion. He further testified that Hunt did not appear injured and that they "ran up and down the banks and over the hills and down to the fishing stream." Based on the foregoing, the ALJ found Hunt's testimony incredible and denied the claim. Regarding Hunt's testimony that he told McBride of the accident, the ALJ found "co-worker McBride was not brought in to give testimony, so the alleged injury was not corroborated by him." The superior court remanded the case to the ALJ to consider McBride's testimony based upon its finding that "the Administrative Law Judge placed upon the claimant a burden which is not required by law: the burden to corroborate his testimony."

1. We note initially that the record does not support the superior court's finding that the ALJ placed a burden on Hunt to corroborate his testimony. A plain reading of the ALJ's award shows that he found Hunt's testimony incredible. In considering whether McBride corroborated Hunt's testimony, the ALJ was only determining whether Hunt's testimony was strengthened by such additional testimony. See *Langford v. Royal Indem. Co.*, 208 Ga. App. 128, 130-132 (3) (c) (430 SE2d 98) (1993). Because the ALJ, as the finder of fact, was responsible for resolving discrepancies in the evidence and determining witness credibility, he did not err in considering whether Hunt's testimony was strengthened by other evidence. See *Young v. Columbus Consolidated Govt.*, 263 Ga. 172 (1) (430 SE2d 7) (1993).

2. Distribution Concepts asserts that the trial court erred in remanding the case to the ALJ for consideration of McBride's testimony, which Hunt claimed was newly discovered evidence.

In a motion to the Appellate Division, Hunt claimed that at the time of his ALJ hearing he could not locate McBride to testify, and that ten days after the ALJ issued his award, he saw McBride in a store parking lot. In an affidavit supporting Hunt's motion, McBride stated that after the accident, Hunt told him and Glisson that he hurt his back. The Appellate Division did not remand the case.

The Appellate Division has discretion as to whether it remands a case for consideration of new or additional evidence, and that discretion will not be disturbed unless it is manifestly abused. *Hon Co. v. Dobbs*, 165 Ga. App. 654, 655 (302 SE2d 365) (1983). In considering

this issue, the Appellate Division " 'is directed to apply the law of Georgia regarding the nature and character of newly discovered evidence required for the granting of a new trial. [Cits.]' [Cits.]" *Old Dominion Freight Line v. Anthony*, 216 Ga. App. 267, 268 (1) (454 SE2d 574) (1995). One of the requirements for granting a new trial based on newly discovered evidence is that the evidence not be cumulative. *Dobbs*, supra. " 'Evidence is cumulative when it goes to the fact principally controverted on the former trial, and respecting which, the party asking for a new trial, produced testimony.' [Cits.] Where the newly discovered evidence consists of more evidence of the same kind and to the same point and would be in support of the testimony of the [employee] and to the discredit of the [employer], it is cumulative and not cause for a new [hearing]. [Cits.]" *Baumbach v. Dickens*, 213 Ga. 745, 747 (1) (101 SE2d 702) (1958).

In this case, McBride's proffered testimony that Hunt told him and Glisson that he hurt his back is purely cumulative of Hunt's own testimony before the ALJ. See *Vinson v. State*, 127 Ga. App. 607, 608 (3) (194 SE2d 583) (1972). Accordingly, the Appellate Division did not abuse its discretion in failing to remand the case to the ALJ for consideration of the testimony. See id.; *Dobbs*, supra.

Moreover, in an appeal to the superior court, the court is without any authority to remand the case on account of newly discovered evidence. Id. " 'Of course, if the award were unsupported by competent evidence in the record, the matter could be remanded to the [Appellate Division] for hearing further evidence — whether newly discovered or not — but where there is evidence in the record which does support the award made, neither the superior court nor this court may do so.' [Cits.]" Id. at 656. In this case, we agree with the superior court that there was sufficient evidence in the record to support the Appellate Division's award. Id. Therefore, the superior court erred in remanding the case.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED MAY 16, 1996.

*Drew, Eckl & Farnham, John G. Blackmon, Jr., Marion M. Handley*, for appellants.

*Ray C. Smith*, for appellee.