A03A1036. MOFFITT CONSTRUCTION, INC. et al. v. BARNES.
(587 SE2d 293)

ADAMS, Judge.

We granted Moffitt Construction, Inc.'s application for discretionary review to determine whether the superior court erred in remanding this case to the State Board of Workers' Compensation to consider certain medical evidence. For the following reasons, we conclude that the superior court erred, and we reverse.

The record before us establishes that Willie Barnes sustained a compensable injury to his lower back in January 2000 and received temporary total disability benefits. Moffitt Construction, Barnes' employer, subsequently suspended benefits, effective July 18, 2000, claiming that Barnes had experienced an improvement in his condition. In response to this suspension, Barnes filed a claim, alleging he had experienced a detrimental change in condition entitling him to a recommencement of benefits. He also requested the payment of certain medical expenses, a change in treating physicians, and an assessment of his attorney fees for an unreasonable defense.

On December 4, 2001, an administrative law judge held a hearing on the claim at which both sides presented medical evidence and testimony. The record was closed at the conclusion of the evidentiary hearing and the transcript of the hearing was filed with the Board on December 19, 2001. On February 11, 2002, the ALJ issued an award,

finding that Moffitt met its burden of proving that Barnes experienced a change in condition for the better, and that Barnes failed to prove that he had sustained a change in condition for the worse. Accordingly, the ALJ denied Barnes' request for resumption of benefits and denied his request for attorney fees. Nonetheless, the ALJ ordered both parties' counsel to agree on a new neurosurgeon to evaluate Barnes, stating that he was entitled to additional evaluation by a neurosurgeon.

Barnes appealed the ALJ's award to the appellate division on February 25, 2002. Meanwhile, the parties complied with the ALJ's directive, and on April 10, 2002, Dr. Franklin Epstein first examined and evaluated Barnes. On May 8, 2002, the matter came before the State Board, which issued its decision on July 5, 2002, affirming the ALJ's award in full and denying Barnes' request for consideration of Dr. Epstein's report. In doing so, the Board noted that while Barnes had requested that "newly discovered evidence" be entered into the record, the more appropriate procedure would be for Barnes to introduce the report at a later hearing alleging a change of condition for the worse.

After the Board's decision was issued, Dr. Epstein evaluated Barnes again on July 17, 2002, noting: "Barnes has not received what I would consider wholly satisfactory care of his spinal problems." Barnes argues that this report substantially contradicted medical evidence which the ALJ had relied on in making his decision.

Barnes appealed the Board's decision to the superior court. The court held a hearing on September 16, 2002, and issued its order, stating the appellate division's award was largely decided based on a medical report "that was subsequently contradicted completely" by Dr. Epstein. The superior court remanded the case to the appellate division, ordered it to consider Dr. Epstein's report as newly discovered evidence, and further ordered it to redetermine whether the report of another doctor, Dr. Goodrich, "should be given any weight in determining the temporary total disability status" of Barnes. From that order, Moffitt filed its discretionary application.

Here, citing several cases including *Distribution Concepts Co. v. Hunt*, 221 Ga. App. 449 (471 SE2d 539) (1996), Moffitt argues that the superior court erred as a matter of law in remanding the case to the appellate division and ordering it to consider Dr. Epstein's report. In a second enumeration, Moffitt contends that the superior court erred in remanding the claim because there was sufficient evidence under the "any evidence" standard to support the appellate division's award. We agree and reverse the superior court.

The issue on appeal to the superior court in a workers' compensation case is whether there is "any evidence" to authorize a finding in accordance with the contentions of the prevailing party before the

full Board. *Jones County Bd. of Ed. v. Patterson*, 255 Ga. App. 166, 167 (564 SE2d 777) (2002). Moreover, "[w]hile the superior court does have the authority to set aside the Board's decision and remand, it can do so only for one of the five statutory grounds. They do not encompass an assertion of newly-discovered evidence as such." (Citations omitted.) *Action Staffing v. Spalding Ford-Lincoln-Mercury*, 198 Ga. App. 764, 767 (2) (403 SE2d 61) (1991). See OCGA § 34-9-105 (c), (d).

> On appeal a compensation case may not be remanded to the board for newly discovered evidence. Of course, if the award were unsupported by competent evidence in the record, the matter could be remanded to the [appellate division] for hearing further evidence — whether newly discovered or not — but where there is evidence in the record which does support the award made, neither the superior court nor this [C]ourt may do so.

(Citations and punctuation omitted.) *Hon Co. v. Dobbs*, 165 Ga. App. 654, 656 (302 SE2d 365) (1983).

In this case there was evidence in the record to support the Board's decision and none of the statutory grounds to set aside the Board's decision were present. Accordingly, we conclude that the superior court erred.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 11, 2003.

*Moore, Ingram, Johnson & Steele, Harry R. Tear III, Kim A. Roper*, for appellants.

*Jeffrey S. Bowman*, for appellee.