A08A2300. DEKALB COUNTY et al. v. BULL.
(672 SE2d 500)

ELLINGTON, Judge.

In August 2007, DeKalb County terminated the employment of police officer Evan Bull following Bull's involvement in an incident of domestic violence. Bull appealed the termination, and a hearing

officer affirmed the decision. Bull filed a petition for writ of certiorari in the Superior Court of DeKalb County. The court granted the writ, reversed the hearing officer's ruling, and reinstated Bull as a police officer. DeKalb County and its police department (hereinafter, "DeKalb County") appeal,[1] contending that the court erred in reversing the decision of the hearing officer and in ordering Bull's reinstatement. For the reasons that follow, we agree and reverse.

1. DeKalb County contends that the superior court erred when it reversed the hearing officer's decision upholding Bull's termination, because the hearing officer's factual conclusions were supported by evidence in the record at the time the hearing officer issued her decision. The county also argues that, in reversing the hearing officer's decision, the superior court improperly considered evidence that was not before the hearing officer and applied the wrong standard of review. The appellate record supports the county's arguments.

"The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by *any evidence*." (Citations and punctuation omitted; emphasis in original.) *Jamal v. Thurmond*, 263 Ga. App. 320 (587 SE2d 809) (2003).[2] "On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." (Citation, punctuation and footnote omitted.) *Glass v. City of Atlanta*, 293 Ga. App. 11, 14 (1) (666 SE2d 406) (2008). "Neither the superior court nor this Court reweighs credibility determinations of the factfinder." *Jamal v. Thurmond*, 263 Ga. App. at 322 (2). In other words, because the factfinder in the initial proceedings is charged with weighing the evidence and judging the credibility of the witnesses, the superior court and this Court must view the evidence in the light most favorable to the factfinder's decision and must affirm the decision if there is *any evidence* to support it, even when the party challenging the factfinder's conclusions presented evidence during the initial proceedings that conflicted with those conclusions. See *Glass v. City of Atlanta*, 293 Ga. App. at 11, 14 (1) (although the petitioner presented evidence to the civil service board that conflicted with the city's evidence, the board was authorized to discount the petitioner's

---

[1] This Court granted DeKalb County's application for discretionary appeal.

[2] See OCGA § 5-4-12 (b) (on writ of certiorari to the superior court, "[t]he scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence"); *Norris v. Henry County*, 255 Ga. App. 718, 720 (2) (566 SE2d 428) (2002) ("[I]n Georgia[,] the substantial-evidence standard is effectively the same as the any-evidence standard.") (citation and punctuation omitted).

evidence, to find the testimony against the petitioner to be more credible, and to affirm his termination; thus, because there was evidence to support the termination, the superior court did not err in affirming the board's decision, and this Court affirmed the court's decision).

Viewed in the light most favorable to the hearing officer's decision, the transcript of the hearing shows the following relevant facts. In July 2007, Evan Bull was employed as a DeKalb County police officer. On the afternoon of July 30, 2007, Bull was off duty when he went to pick up his three-year-old daughter from his estranged wife for visitation. At the time, his wife was at the home of her son's father. When Bull arrived at the house, his wife met him at the door and then went to get their daughter, closing the door behind her. She returned to the door and handed the child to Bull, who stepped into the doorway and tried to look around the house. Bull's wife pushed him out of the door and told him to leave. After they tugged and pushed at each other for a moment, Bull suddenly grabbed his wife on her neck with his left hand, while holding his daughter in his right. His wife grabbed at his left arm while screaming for help. Bull told her to call the police. Bull then ran to his car, put his small child in the front seat, and "sped off" in reverse toward the entrance to the subdivision before turning his car around and driving home.

Two teenaged boys who were standing across the street witnessed the altercation. Mrs. Bull called the police, who arrived shortly thereafter and took statements from her and the teenagers. An officer testified that he interviewed the boys separately and each of their statements was basically consistent with the other's. Officers also took pictures of red abrasions on Mrs. Bull's neck and interviewed her at the scene and again at the police headquarters.

Officers spoke with Bull at his home and, based upon the information gathered from him, the victim and the witnesses, they arrested Bull and transported him to the police headquarters, where an officer conducted a custodial interview. Bull claimed that his wife was the aggressor and denied grabbing her around the neck. He showed the officer scratch marks on his left arm. The officer testified that the scratch marks were consistent with defensive wounds that could have been caused by Mrs. Bull when she was attempting to fight off Bull when he was choking her. The State subsequently charged Bull with family violence battery, simple battery, cruelty to children, and disorderly conduct.

Following an investigation during which it considered the evidence collected by its detectives and the responding officers, the Internal Affairs Office determined that Bull had violated departmental rules under the DeKalb County Code of Ordinances and recom-

mended terminating his employment. Specifically, the termination was based upon a finding that Bull had violated Section 2-2.71 of the DeKalb County Police Department Employee Manual by exhibiting conduct unbecoming of an officer[3] while off duty when he was arrested on domestic violence charges after being "involved in an incident of domestic violence with [his] estranged wife," actions which demonstrated a "gross lack of judgment." DeKalb County terminated Bull on August 3, 2007. He appealed and, following a hearing that concluded on October 3, 2007, a hearing officer upheld the termination. In making her ruling, the hearing officer acknowledged that her task was to determine whether the department acted properly under the DeKalb County Code in making the decision to terminate Bull's employment.[4] The hearing officer found that all the witnesses were credible, the department's investigation was valid, and the department's conclusions that followed were reasonable. Based upon these findings, the hearing officer concluded that Bull had failed to demonstrate that the department made an erroneous finding of fact or that it was motivated by any non-job-related factor when it terminated his employment.

Bull filed a petition for a writ of certiorari with the Superior Court of DeKalb County, contending that the hearing officer's decision affirming his termination was not supported by substantial evidence. The court granted the petition and conducted a bench trial. At trial, Bull contended that the police department had made erroneous factual conclusions during its investigation of the altercation, and the hearing officer also made errors of fact in upholding his termination.[5] Specifically, he complained that there was no evidence to support the department's conclusion that he was the initial aggressor in the domestic violence incident. Bull referred to events that had occurred after the hearing officer had upheld his termination, including his trial and acquittal on the criminal charges arising from the altercation.

The superior court subsequently issued an order in which it stated that the record was "more complete" than it had been when the hearing officer issued her ruling because of "the facts that came out at trial," including evidence of the criminal verdict in favor of Bull. In fact, the court's order specifically stated that, "[a]s for the

---

[3] Section 2-2.71 prohibits on or off duty conduct "which adversely affects the morale or efficiency of the [police] department" or "which has a tendency to destroy public respect for the employee and/or the department and/or destroy confidence in the operation of the county service[.]"

[4] See DeKalb County Code, Ch. 20, Art. IX, Sec. 20-193 (3) ("The hearing officer may reverse a disciplinary action only upon a finding that it was based upon an error in fact or was motivated by a non-job-related factor.").

[5] Bull never contended that his termination was motivated by a non-job-related factor.

criminal charges stemming from [Bull's] arrest, a jury trial was held in a DeKalb County State Court. On October 31, 2007, [Bull] was found not guilty on all charges." The court also ruled that certain testimony presented to the hearing officer conflicted with evidence that was presented at Bull's criminal trial and with the jury's verdict, so "it is clear that [the hearing testimony] contain[ed] errors of fact." Thus, the court concluded that "the findings of the hearing officer are erroneous in light of the substantial evidence on the whole record tending to show that the termination of [Bull] was in error." The court ordered that the county reinstate Bull to his position as a DeKalb County law enforcement officer and pay Bull back pay from the date of termination.

On appeal from the superior court's ruling, this Court has reviewed the entire appellate record and has reached the following conclusions:

(a) Applying the "any evidence" standard of review, we find that the evidence presented to the hearing officer supported her conclusion that the police department's decision to terminate Bull's employment was not based upon an error in fact or motivated by a non-job-related factor. Therefore, the superior court erred in reversing the hearing officer's decision affirming the termination of Bull's employment.

(b) The superior court also erred in relying, at least in part, on the outcome of Bull's criminal trial in reversing the hearing officer's decision, since the criminal trial had not yet occurred at the time of the decision. Therefore, this information could have played no role in the hearing officer's determination of whether the county acted properly in terminating Bull's employment.[6] Further, the outcome of the criminal trial was irrelevant to the determination of whether the department properly terminated Bull's employment based upon a finding that he had violated the department's rules by exhibiting conduct unbecoming of an officer. Moreover, even if the court had been authorized to consider evidence regarding Bull's criminal trial, the court erred in accepting as "facts" assertions about the evidence presented during the criminal trial and in relying upon those

---

[6] See generally *HCA Health Svcs. v. Roach*, 265 Ga. 501 (1) (458 SE2d 118) (1995) (ruling that, when reviewing a state agency's decision, the trial court was limited to reviewing the administrative record in determining whether any evidence supported the agency's decision); *Moffitt Constr. v. Barnes*, 263 Ga. App. 175, 177 (587 SE2d 293) (2003) (after reviewing the denial of workers' compensation benefits on a writ of certiorari, the superior court remanded the case back to the appellate division with instructions to consider evidence of medical exams that occurred after the State Board had issued its decision; this Court reversed, ruling that, instead of remanding the case for consideration of new evidence, the superior court should have considered only whether there was any evidence at the time of the Board's decision to authorize a decision in favor of the prevailing party).

unsupported assertions when reversing the hearing officer's decision, because the court did not hear any testimony regarding what had transpired during Bull's criminal trial and the transcript of the trial was not in evidence.[7]

2. Given our decision in Division 1 (a), supra, DeKalb County's remaining allegations of error are moot.

*Judgment reversed. Miller, C. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 14, 2009.

*Michelle L. Thomas*, for appellants.
*Hall & Hirsh, Daniel M. Hirsh*, for appellee.

---

[7] See *State v. Haddock*, 235 Ga. App. 726, 729 (1) (510 SE2d 561) (1998) (a defendant's mere assertions in his motion to suppress were unsupported by any evidence during the motion hearing and, therefore, could not support a grant of the motion); *Robinson v. State of Ga.*, 209 Ga. App. 446, 446-447 (1) (433 SE2d 707) (1993) (in forfeiture action, defendant's mere assertion that he delivered his answer on a certain date, standing alone, was not evidence of that fact).