**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 13, 2025**

# In the Court of Appeals of Georgia

A24A1309. UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY et al. v. JONES.

MERCIER, Chief Judge.

Corporal Bryan Jones was fired from his job with the Athens-Clarke County Sheriff's Department and, following an administrative appeal, a hearing officer affirmed Jones's termination. Jones then filed a writ of certiorari to the superior court, seeking review of the administrative decision. The trial court granted the writ and ordered that Jones be reinstated. The Unified Government of Athens-Clarke County and William C. Berryman, Jr., in his official capacity as Personnel Hearing Officer, (collectively "the County") appeal, contending that the superior court erred in reversing the decision of the hearing officer and by ordering Jones's reinstatement. For the reasons that follow, we agree and reverse.

1. The County contends that the superior court erred by applying the wrong standard of review in its decision to reinstate Jones.

"The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by *any evidence*." *DeKalb County v. Bull*, 295 Ga. App. 551, 552 (1) (672 SE2d 500) (2009) (citation, footnote and punctuation omitted; emphasis in original). On appeal, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency." Id. (citation and punctuation omitted). The factfinder in the initial proceeding is charged with weighing the evidence and judging witness credibility. See id. On review, therefore,

> the superior court and this Court must view the evidence in the light most favorable to the factfinder's decision and must affirm the decision if there is any evidence to support it, even when the party challenging the factfinder's conclusions presented evidence during the initial proceedings that conflicted with those conclusions.

Id. While the superior court cited the correct standard of review in its order, it failed to follow the standard.

Viewed in the light most favorable to the hearing officer's decision, the transcript of the hearing shows the following relevant facts. *DeKalb County,* 295 Ga. App. at 553 (1). On February 2, 2022, Rakeim Hillsman, an inmate at the Clarke County jail, was in the intake holding cell "beating on the door complaining that he needed to see the nurse." Hillsman had not received medical treatment for approximately three and a half hours. Jones went to calm him down and opened the door to the cell. Hillsman informed Jones that he could not sit on the hard concrete benches because he was injured. Jones responded that he could not move Hillsman out of the cell until Hillsman was processed and "sent to the back," where Hillsman would have a mattress. Jones then closed the cell door, and Hillsman continued to yell.

Eventually, Jones and Corporal Palmer took Hillsman (who was handcuffed at the time) to the court-side holding cell because it was farther away from the front area where the officers were screening inmates. As they were walking, Jones told Hillsman that he would have a softer place to sit. Hillsman stated that he had just had surgery, explaining that he had "metal in [his] back and legs." Significant surgical scars on the Hillsman's neck were also clearly visible.

Once they arrived at the second cell, Hillsman asked again if there was somewhere softer for him to sit, and Jones told Hillsman that he could sit on the concrete benches or the toilet. As Jones was closing the solid door to the cell, Hillsman spat towards Jones, but the spit did not hit him. Jones then said: "Open this door back up and get me the restraint chair, he just spit." Jones did not seek approval from a supervisor prior to ordering the restraint chair, and Hillsman was handcuffed in a cell by himself with the solid cell door closed at the time.

Once a restraint chair was obtained, Jones yanked Hillsman's shirt to get him into the chair. The first chair was defective, and Hillsman was able to free his arms, but his leg shackles were still intact. Jones walked into the cell to switch restraint chairs, and Hillsman spat at Jones. While Hillsman was still in leg shackles in the first restraint chair, Jones punched Hillsman in the face twice, and Hillsman fell over in the chair. As several employees secured Hillsman in the second chair, Jones twisted Hillsman's head, causing Hillsman to cry out repeatedly.

After reviewing body camera video of the events, the sheriff terminated Jones.[1] Specifically, Jones was fired for violating Clark County Sheriff's Office standard

---

[1] Hillsman had worked for the County for over eight years.

4

operating procedures regarding: use of a restraint chair; response to resistance/aggression; and inefficiency, negligence and/or incompetence of duties. The Notice of Intent to Terminate Employment also noted that Jones had seven past violations of standard operating procedures. Jones appealed, and, following an evidentiary hearing, a personnel hearing officer found that Jones failed to establish by a preponderance of the evidence that (a) his termination was inconsistent with the policies of the Athens-Clarke County Code of Ordinances or other applicable laws, policies, practices, or procedures, or (b) the factual basis for his termination was not true or correct or was substantially inaccurate. The hearing officer thus affirmed his termination.

Jones filed a petition for writ of certiorari with the superior court. After conducting a hearing, the superior court, using an order prepared by Jones's counsel, reversed the decision of the personnel hearing officer. Thereafter, we granted the County's application for discretionary appeal.

The Clarke County Sheriff's office has established a departmental policy regarding the proper use of a restraint chair, explaining that:

The restraint chair is only to be used as a restraint device for subjects who demonstrate an immediate and compelling intent to commit an act

of property damage or abuse, physical disruption and/or physical resistence to authority, and/or physical harm to themselves or others, or whose mental state or condition renders them or places others in danger of injury unless temporarily restrained.

The policy also prohibits the use of "the restraint chair as punishment or to restrain a subject for acts of violence, disruption, or property damage previously committed if the subject is demonstrating no intent of continuing such activity." A separate policy governing the response to resistance and aggression further provides:

Personnel will use only reasonable force to accomplish their legal objectives and apply de-escalation techniques when possible. Once the need for force is no longer present (because resistance ends and/or the possibility of violence is removed), the continued response to resistance/aggression cannot be justified.

Evidence presented at the hearing showed that when Jones first ordered use of a restraint chair, Hillsman was by himself in a locked cell, wearing handcuffs and behind a solid door. He presented no danger to himself, others or property. Further, evidence demonstrated that while securing Hillsman in the second restraint chair, Jones twisted Hillsman's head, causing Hillsman to cry out repeatedly. Such evidence supported the conclusion that Jones's act of placing Hillsman in the first restraint

chair violated department policy and was not justified, and that his twisting of Hillsman's head was an unnecessary and excessive use of force.

Jones presented conflicting evidence, such as his hearing testimony that Hillsman's first spit hit the "elbow sleeve area of [his] uniform shirt." He also testified that he did not twist or pull Hillsman's head. However, the hearing officer was authorized to reject this conflicting testimony and find the County's evidence, including Jones's prior statements, to be more credible. *Fulton County v. Berry*, 354 Ga. App. 841, 845 n.2 (841 SE2d 744) (2020) (despite the conflicting evidence presented by the petitioner, "[t]he Board was authorized to resolve this factual dispute against [him]"); *Glass v. City of Atlanta*, 293 Ga. App. 11, 14 (1) (666 SE2d 406) (2008) (board was authorized to resolve evidentiary conflicts against terminated officer and uphold termination).

Jones further argues that four of the seven previous disciplinary actions taken against him should not have factored into the termination decision, given the length of time since the infraction or the nature of the infraction. But the evidence shows that the prior disciplinary actions were *not* the basis for Jones's termination. Although the Notice of Intent to Terminate Employment references those incidents, the notice

makes clear that Jones's policy violations on February 2, 2022, formed the basis for his termination. Accordingly, as there was evidence to support the hearing officer's decision affirming the termination of Jones's employment, the superior court erred in reversing that decision. See *DeKalb County*, 295 Ga. App. at 555 (1) (a).

2. Given our decision in Division 1, the County's remaining allegations of error are moot.

*Judgment reversed. McFadden, P. J., and Rickman, P. J., concur.*