58424. R. O. H. PROPERTIES, INC. v. WESTSIDE ELECTRIC COMPANY, INC.

BANKE, Judge.

The plaintiff-appellant is the owner of an apartment building which was damaged by fire. The defendant-appellee, an electrical contracting company, installed the wiring in the building. The plaintiff filed this suit alleging that the defendant had installed the wiring in a negligent and faulty manner and that the fire resulted from this negligence. This appeal follows a jury verdict in favor of the defendant.

The plaintiff presented an expert at trial who testified that a number of the electrical wires in the ceiling of the damaged building ran across the sharp edges of metal plates which were used to connect and reinforce the ceiling joists. The witness stated that these wires had been abraded over a period of time by the up and down motion of the plates against them resulting from normal vibrations in the ceiling joists caused by persons walking in the apartment overhead, outside traffic, etc. He concluded that this abrasion had created "hot spots," which had ignited combustible materials around the wiring. At issue in this appeal is whether the trial court erred in allowing one of the defendant's owners to testify

that his company had never had any previous difficulties with electrical wiring installations caused in the above manner. Also enumerated as error are two jury charges. *Held:*

1. As authority for the contention that it was improper to allow the defendant to testify that it had not experienced any previous difficulties from similar installations of wiring due to abrasions caused by vibration, the plaintiff cites Code § 38-202. That statute provides as follows: "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." This Code section is not applicable to the situation before us now. What is at issue here is not, strictly speaking, the defendant's conduct on past occasions but whether the manner in which the wiring was installed created a dangerous condition and whether, if so, the defendant knew or should have known about this condition. It was within the discretion of the trial judge to determine whether the defendant's testimony was relevant and admissible on this issue, and, under the circumstances of this case, we cannot say that he abused that discretion. Accord, *Higgins v. Cherokee R.,* 73 Ga. 149 (4) (1884); *Gilmer v. City of Atlanta,* 77 Ga. 688 (1) (1886); *Hogg v. First Nat. Bk. of West Point,* 82 Ga. App. 861 (6) (62 SE2d 634) (1951); *Evershine Prod. v. Schmitt,* 130 Ga. App. 34 (6) (202 SE2d 228) (1973). The cases cited by the plaintiff do not concern attempts to prove that a dangerous condition did or did not exist, but instead concern attempts to prove that a party acted in a certain manner on a certain occasion by showing that he had acted in that way on past occasions. Such evidence is clearly inadmissible. See, e.g., *Hollomon v. Hopson,* 45 Ga. App. 762 (8) (166 SE 45) (1932).

2. The plaintiff assigns as error the trial court's failure to give its request to charge that conduct which violates a state law or city ordinance constitutes negligence per se. The charge was requested on the basis of testimony from an electrical inspector to the effect that the manner in which the defendant had wired the apartment violated certain provisions of the National

Electrical Code and that the National Electrical Code had been enacted by the City of Marietta as a part of its code of ordinances. However, the ordinance itself was never offered as evidence, and the electrical inspector was clearly not competent to offer the legal conclusion that the ordinance had been violated. Thus, even though his testimony was not objected to, it did not support a charge on negligence per se. Accord, *Hartford Acc. &c. Co. v. Camp,* 69 Ga. App. 758, 762 (26 SE2d 679) (1943); *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826, 834 (131 SE2d 634) (1963).

Neither the trial court nor the appellate courts may take judicial notice of the provisions of a city ordinance. *Irwin v. Torbert,* 204 Ga. 111, 120 (49 SE2d 70) (1948); *Oliver v. City of Macon,* 241 Ga. 306 (245 SE2d 280) (1978). The proper manner of proving a city ordinance is by production of the original or of a properly certified copy. *Western & Atlantic R. Co. v. Hix,* 104 Ga. 11 (30 SE 424) (1898). See Code § 38-606.

3. It was not error to refuse a request to charge that even if the defendant had complied with all applicable ordinances, the jury could nevertheless find it negligent as a matter of fact. In the first place, as indicated in Division 2, supra, there was no proper evidence introduced to show that any ordinance had been violated or complied with. In the second place, the court's charge clearly informed the jury that it was within its province to determine whether the defendant was negligent and whether, if so, that negligence caused damage to the plaintiff.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979.

*Edward L. Savell, Cullen Hammond, John C. Parker,* for appellant.

*Alan F. Herman, Frank C. Bedinger, III,* for appellee.