S95A1647. CHILDERS et al. v. RICHMOND COUNTY.

(467 SE2d 176)

HUNSTEIN, Justice.

In response to citizen complaints about appellants' use of their property, Richmond County filed a complaint in superior court contending that appellants were in violation of the county's zoning ordinance by operating a mobile home moving business from the property and by maintaining more than one mobile home on the property. The county sought a temporary and permanent injunction.[1] Following a

---

[1] Prior to the rule nisi hearing on the county's complaint, appellants filed a notice of removal of this case to the United States District Court for the Southern District of Georgia. They then filed an answer and counterclaim seeking damages. Upon motion of the county, the case was remanded to the Richmond County Superior Court.

hearing, the trial court found that the subject property was zoned for agricultural purposes and thus could not be used as the site of a mobile home moving business. The trial court also found that the property consisted, as appellants had contended, of two parcels rather than one and could therefore lawfully accommodate two mobile homes. However, the court determined that a third "structure" was also a mobile home, notwithstanding that evidence showed it was used as a storage shed and not for residential purposes. The court granted the county's prayer for injunctive relief, prohibiting appellants from operating their business and ordering them to remove the mobile home used for storage.[2] On appeal, appellants contend that the trial court erred as a matter of law in ordering the removal of the mobile home in that the definition of a mobile home in the county's zoning ordinance is overly broad. In the alternative, appellants contend that even if the ordinance is not vague and overbroad, the trial court misapplied the ordinance to find that the storage shed is in fact a mobile home, and last, appellants contend that the court erred in denying them a jury trial.

Upon our review of the record in this case, it is apparent that the Richmond County comprehensive zoning ordinance which the county sought to enforce and which the trial court purported to apply, was not introduced into evidence. "[I]t is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved." *Leger v. Ken Edwards Enterprises*, 223 Ga. 536, 539 (2) (156 SE2d 651) (1967); see OCGA § 24-1-4; see also *Mayor &c. of Savannah v. TWA*, 233 Ga. 885 (214 SE2d 370) (1975). Accordingly, we hold that the trial court erred in ordering appellants to comply with the terms of an ordinance not properly before the court.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 19, 1996.

*John P. Batson*, for appellants.

*Burnside, Wall, Daniel, Ellison & Revell, James B. Wall*, for appellee.

---

[2] The trial court's order also prohibited appellants from grading or scraping an access easement which had been granted by the county to appellants. Appellants do not appeal the trial court's grant of an injunction against their operation of a business on the property nor do they appeal the injunction against their maintenance of the easement.