### S97A0007. POLICE BENEVOLENT ASSOCIATION OF SAVANNAH et al. v. BROWN.
(486 SE2d 28)

BENHAM, Chief Justice.

The Police Benevolent Association of Savannah ("PBAS") and seven Savannah police officers filed a petition for mandamus, asking the trial court to order the Savannah city manager, appellee Michael B. Brown, to recognize the PBAS as the chosen bargaining representative of the rank-and-file Savannah police officers, and to commence bargaining with the PBAS under Savannah's "Guidelines for City's Relationship with Unions." After concluding that the City of Savannah could not be required to recognize the PBAS as the officers' collective bargaining agent, the trial court denied the appellants' application for mandamus nisi and granted the city manager's motion to dismiss the petition. The PBAS and the officers filed this appeal.

1. A writ of mandamus may issue "to compel a due performance" of an official duty if there is no other specific legal remedy. OCGA § 9-6-20. Mandamus is "a harsh remedy" and should not be granted unless the applicant would be afforded a material advantage by its

grant (*Harper v. Burgess*, 225 Ga. 420 (2) (169 SE2d 297) (1969)), or has suffered "special damages." *Tate v. Stephens*, 245 Ga. 519, 521 (265 SE2d 811) (1980). There is no question but that the seven police officers/petitioners/appellants would be afforded a material advantage by the grant of the writ of mandamus which they sought in conjunction with PBAS. However, the issue is not as clear with regard to PBAS. The "Request for Representation" cards signed by the Savannah police officers requested that the Police Benevolent Association of *Georgia* ("PBAG") be authorized to represent the officers, and contained PBAG's address and logo. The petition for writ of mandamus alleges that the PBAS is a non-profit association composed of the rank-and-file members of the Savannah police force, that it is affiliated with the PBAG, and that it "has been chosen as the designated representative" by the overwhelming majority of the police officers who signed cards requesting representation. The city manager did not admit any of these allegations, and there is nothing in the record which establishes any of the averments as fact. Since there has been no showing that PBAS would gain a material advantage should the writ of mandamus be granted or that PBAS has suffered special damages from the city manager's failure to do as PBAS has requested, based on the record before us we conclude that PBAS had no standing to seek the writ of mandamus it filed with the seven officers.

2. As stated earlier, mandamus is used to compel an official to perform a duty. OCGA § 9-6-20. Through their mandamus petition, the seven police officers asked the trial court to require the city manager to comply with a document entitled "Guidelines for City's Relationship with Unions," a copy of which was attached to the petition for mandamus. The petition averred that the document was promulgated by the City of Savannah in 1973 and contains "the rules, regulations and procedures under which collective bargaining representatives may meet and confer with the City Manager to negotiate the terms and conditions of their members' employment." The city manager denied the averment and the admissibility of the document attached to the petition.

The superior and appellate courts of this state do not take judicial notice of a municipal ordinance. *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996). See also OCGA § 24-1-4. The proper method of proving a city ordinance is by production of the original or of a properly certified copy. *R.O.H. Properties v. Westside Electric Co.*, 151 Ga. App. 857 (2) (261 SE2d 767) (1979). The record contains neither the original nor a properly certified copy of the city-promulgated document which purportedly contains the city manager's duty which the petitioners seek to compel judicially. The trial court would have been in error if it had ordered the city manager to comply with the terms of an ordinance not properly before the court.

Id. Although this principle was not relied upon by the trial court, " '[w]here the trial court is right for any reason, its judgment will be affirmed.' [Cit.]" *Medlin v. Mickle*, 240 Ga. 552 (2) (242 SE2d 38) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Wallace & Tetreault, Matthew W. Wallace, Victor J. Tetreault,* for appellants.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Abda L. Quillian,* for appellee.

*Walls & Glucksman, J. Michael Walls,* amicus curiae.