## A00A0444. OUTDOOR SYSTEMS, INC. v. CHEROKEE COUNTY.
(533 SE2d 446)

BLACKBURN, Presiding Judge.

Outdoor Systems, Inc. appeals the trial court's order which dismissed its claims against Cherokee County. Outdoor Systems

brought the underlying declaratory judgment action for a determination that Cherokee County's sign ordinance was unconstitutional. It also sought to enjoin Cherokee County from enforcing the ordinance against it. The trial court determined that Outdoor Systems failed to properly attach a certified copy of the ordinance to its complaint and dismissed its claims. Because Cherokee County admitted that the ordinance attached to Outdoor Systems' complaint was a true and correct copy of the applicable ordinance, a certified copy was not necessary, and the trial court erred in dismissing Outdoor Systems' claims.

As it appears that the trial court considered matters outside the pleadings in dismissing Outdoor Systems' claims, we must review its decision as one granting summary judgment. Accordingly, we review the evidence de novo. See *Schulze v. DeKalb County*, 230 Ga. App. 305, 306 (496 SE2d 273) (1998).

1. In its first enumeration of error, Outdoor Systems asserts that the trial court erred in finding that it failed to prove the ordinance at issue. Outdoor Systems argues that Cherokee County admitted in its answer that the copy of the sign ordinance attached to the complaint was a true and correct copy of the applicable sign ordinance. We agree.

When Outdoor Systems filed the instant action, it asserted that a "true and correct copy of the Cherokee County Sign Ordinance" was attached. However, the ordinance attached to the complaint was not a certified copy. While a municipal or county ordinance, for purposes of proof, is treated as foreign law, such law cannot be judicially noticed by any court other than the court of such jurisdiction, because the ordinance is not "published by authority." See generally *Oliver v. City of Macon*, 241 Ga. 306 (245 SE2d 280) (1978); *Leger v. Ken Edwards Enterprises*, 223 Ga. 536 (156 SE2d 651) (1967); *Poole v. State*, 229 Ga. App. 406, 409 (2) (494 SE2d 251) (1997); *Dudley v. State*, 161 Ga. App. 310, 311 (1) (287 SE2d 763) (1982). Likewise, rules and regulations of a state agency, county, municipality, or private agency, unless published by authority, cannot be judicially noticed. *Joel Properties v. Reed*, 203 Ga. App. 257 (416 SE2d 570) (1992); *Beall v. Dept. of Revenue*, 148 Ga. App. 5 (251 SE2d 4) (1978). The rules, regulations, and ordinances stand in the same status as private acts so that they must be pled and proved. *Childers v. Richmond County*, 266 Ga. 276 (467 SE2d 176) (1996); *Mayor &c. of Savannah v. TWA, Inc.*, 233 Ga. 885 (214 SE2d 370) (1975); *Knutzen v. O'Leary*, 210 Ga. App. 590 (437 SE2d 347) (1993). If the ordinance or regulations are set forth verbatim in the pleadings or an uncertified copy is attached to the complaint and the defendant admits the ordinance or regulations in the answer, then the ordinance or regulations have been proven. See *Leger*, supra at 539.

In Cherokee County's answer, it failed to specifically address each averment in Outdoor Systems' complaint. Instead, it answered Outdoor Systems' complaint by "stating that Cherokee County is in the process of revising [its] sign ordinance and will not attempt to defend [its] old sign ordinance." It also asserted that the "[p]laintiff is not entitled to a recovery in this action, . . . in that the process of revising the sign ordinance had begun prior to the institution of the lawsuit." These statements do not specifically or tangentially address paragraph four of Outdoor Systems' complaint which avers that a copy of the ordinance is attached as Exhibit A.

Generally, Georgia's rules of pleading require that "[d]enials shall fairly meet the substance of the averments denied" and that when a responsive pleading is required, averments not denied are admitted. OCGA § 9-11-8 (b), (d). Therefore, because Cherokee County did not deny that a true and correct copy of the applicable ordinance was attached to Outdoor Systems' complaint, the averment in Outdoor Systems' complaint was admitted, and no further proof was required. See *Associated Cab Co. v. Byars*, 92 Ga. App. 73, 76 (4) (88 SE2d 329) (1955). See also *Leger*, supra at 539.

Because the trial court erred in finding that Outdoor Systems did not properly prove Cherokee County's sign ordinance, we must reverse its dismissal of Outdoor Systems' claims.

2. Outdoor Systems contends that the trial court erred in failing to grant its motion for judgment on the pleadings and in failing to grant its attorney fees. In its motion for judgment on the pleadings, Outdoor Systems sought a declaration that Cherokee County's sign ordinance was unconstitutional and an order enjoining Cherokee County from enforcing the ordinance against it.

Evidence in the record indicates that Cherokee County was aware of constitutional problems with its sign ordinance and that it was in the process of adopting a new ordinance. Additionally, the Cherokee County attorney had directed the zoning administrator to enforce the sign ordinance according to specifically described "constitutional" changes, until such time as the new ordinance could be adopted.

Therefore, because Cherokee County admitted that its sign ordinance was unconstitutional, we will assume, without deciding, that it was unconstitutional. Based upon Cherokee County's admissions, the trial court should have granted Outdoor Systems' motion to the extent of finding that the sign ordinance was unconstitutional and that the county was enjoined from enforcing it as written. We do not address whether, by direction of the county attorney, Cherokee County could enforce its unconstitutional sign ordinance in a constitutional manner. As this issue was not addressed in the trial court and it is not asserted by either party on appeal, we are without

authority to address it. We are not at liberty "to change [our] role from disinterested decision-maker to appellate advocate reviewing a trial record for error." *Rowland v. State*, 264 Ga. 872, 874 (1) (452 SE2d 756) (1995).

Outdoor Systems sought attorney fees pursuant to 42 USC § 1988. The evidence in the record indicated that Cherokee County did not intend to enforce the sign ordinance, as written. Therefore, Outdoor Systems did not receive any benefit that it would not have received without filing suit. The trial court correctly denied Outdoor Systems' request for attorney fees. See *Union City Bd. of Zoning Appeals v. Justice Outdoor Displays*, 266 Ga. 393, 404-405 (8) (467 SE2d 875) (1996) (attorney fees available pursuant to 42 USC § 1988, where suit achieved some benefit sought).

*Judgment affirmed in part and reversed in part. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 10, 2000.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellant.

*R. Mark Mahler,* for appellee.