A04A0163. TAX COMMISSIONER OF FULTON COUNTY
v. WILLIAMS.
(598 SE2d 862)

BLACKBURN, Presiding Judge.

Wilbert Williams was terminated from his employment with the Tax Commissioner's Office for "poor performance." Williams appealed his dismissal to the Fulton County Personnel Board, which reduced the termination to a demotion. On writ of certiorari, the Superior Court of Fulton County affirmed the decision of the Personnel Board. The Tax Commissioner appeals this ruling, contending that: (1) the Personnel Board lacked the authority to reduce the termination to a demotion; (2) the Personnel Board's order must be reversed because it does not contain a sufficient explanation of the Board's decision; (3) the Personnel Board's order violated the County's Personnel Regulations by imposing a standard for termination not found in the regulations; and (4) the Personnel Board's decision must be reversed because there was no evidence to support the reduction of Williams's termination to a demotion. We affirm the Personnel Board's order for the reasons discussed below.

The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence. On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency.

(Punctuation omitted.) *Hanrahan v. City of Atlanta.*[1]

Viewed in this light, the record shows that Williams was employed as a tax administrator and was in charge of the accounting division of the Tax Commissioner's Office. Williams was "the accountant" for the Tax Commissioner's Office and was responsible for making sure that the Tax Commissioner's books were in good order at all times.

In March 2000, the Tax Commissioner ordered an audit of his office's books in response to complaints he had received and due to problems obtaining timely information from the accounting division. The audit, which was conducted by an independent accounting firm, revealed that the general ledger for the Tax Commissioner's Office was not being reconciled or balanced in a timely fashion, the Tax Commissioner's bank accounts were not being properly reconciled, and the Tax Commissioner's Office did not have sufficient procedures in place to track checks which had been returned for insufficient funds. Additionally, the accounting division was unable to provide the documents necessary for the auditors to review several accounts.

Following his receipt of the auditors' preliminary findings, the Tax Commissioner decided to discipline Williams. The Tax Commissioner offered Williams three options: accept a voluntary demotion, tender his resignation, or be terminated. Williams refused to accept a demotion or to tender his resignation. The Tax Commissioner terminated Williams's employment by letter dated April 3, 2001.

Williams appealed his termination to the Personnel Board. Following a hearing at which both the Tax Commissioner and Williams testified, the Personnel Board entered an order reducing Williams's termination to a demotion. In pertinent part that order states:

> After hearing all of the testimony and evidence presented by the parties, the Personnel Board decided that the dismissal was not based upon personal, political or religious motives and that it was justified. The Personnel Board further found that the causes given for the dismissal were clearly job related, however, due to certain testimony which was introduced during this hearing, carrying sufficient reason to induce a modification of the dismissal, the Personnel Board hereby orders the dismissal be reduced to a demotion.

1. The Tax Commissioner contends that because the Personnel Board found that "the dismissal was not based upon personal, political or religious motives," that "the causes given for the dismissal

---

[1] *Hanrahan v. City of Atlanta*, 230 Ga. App. 67 (495 SE2d 324) (1997).

were clearly job related" and that "the dismissal . . . was justified," it lacked the authority to reduce the dismissal to a demotion. Stated another way, the Tax Commissioner argues that having found that there was cause to discipline Williams, the Personnel Board could not alter the disciplinary action he had taken and could only affirm that action.

The Tax Commissioner's argument ignores the authority granted to the Personnel Board by the County's Personnel Regulations. Those regulations give employees who have been dismissed the right to appeal the dismissal to the Personnel Board. Fulton County Personnel Regulation PR-900-1 (1). The regulations direct the Personnel Board to prepare an order "setting forth their decision and directing appropriate remedies, if any, to resolve the appeal." Fulton County Personnel Regulation PR-900-9 (1). Additionally, the regulations give the Personnel Board the authority to "reopen an appeal case and vacate, modify or reverse its former Order so as to lessen, but not increase the penalty imposed." Fulton County Personnel Regulation PR-900-9 (2).

The Personnel Regulations give the Personnel Board the authority both to determine whether any disciplinary action is proper and to determine what that disciplinary action should be. This is the plain meaning of the provision in the Personnel Regulations that grants the Personnel Board the authority to direct appropriate remedies. The Personnel Regulations explicitly grant the Personnel Board the authority "to lessen . . . the penalty imposed" when it reopens an appeal. Fulton County Personnel Regulation PR-900-9 (2). Adopting the Tax Commissioner's argument would mean that the Personnel Board could reduce a disciplinary action on rehearing but not on its initial hearing of a case. We reject this interpretation of the Personnel Regulations as contrary to common sense. See *City of Atlanta v. Miller*[2] (statutory construction must square with common sense and sound reasoning). Having determined that the Tax Commissioner's dismissal of Williams did not stem from improper motives and was due to job related causes, the Personnel Board had the authority to set the appropriate disciplinary action for Williams's conduct.

2. The Tax Commissioner contends that the Personnel Board's order must be reversed because it does not contain a sufficient explanation of its decision. "Although special or detailed findings of fact and conclusions of law may be desirable in a case of this nature, their absence will not affect the validity of the determination of a quasi-judicial tribunal when not required by statute." (Punctuation

---

[2] *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002).

omitted.) *Dept. of Corrections v. Hemphill*.[3] The Personnel Regulations direct the Personnel Board to issue an order "setting forth their decision and directing appropriate remedies." Fulton County Personnel Regulation PR-900-9 (1). The Personnel Regulations do not require the Personnel Board to include findings of fact and conclusions of law in its orders. The Tax Commissioner has not pointed to any other regulation that establishes such a requirement. This enumeration of error is without merit.

3. The Tax Commissioner contends that the Personnel Board's order must be reversed because the Board violated the Personnel Regulations by imposing a standard for termination not found in the regulations. The Tax Commissioner disciplined Williams under Fulton County Personnel Regulation 1800-2, Article 21 ("Article 21"). This section of the Personnel Regulations is a catchall provision, which authorizes discipline of "violations or actions not specifically enumerated in these guidelines which impair or reflect adversely upon the integrity, efficiency, good order or operation of any segment of the County Government." Id.

Article 21 authorizes the Tax Commissioner, as the "Appointing Authority," to determine the discipline to be imposed for an offense. Id. However, the Tax Commissioner does not have unfettered discretion to impose any disciplinary action he chooses. The County follows a "progressive discipline" system of ascending levels of disciplinary action. Fulton County Personnel Regulation 1800-2 (2). Employees must "be given an opportunity to correct their behavior before a more severe discipline is applied." Id. The discipline "must be commensurate with the nature and seriousness of the offense in each case." Id. "Penalties for disciplinary offenses in general should fall within the ranges indicated in these guidelines." Fulton County Personnel Regulation 1800-2, Article 21 (B). Additionally, offenses under Article 21 "should be punished with comparable severity to other similar offenses listed." Fulton County Personnel Regulation 1800-2, Article 21 (C).

The Tax Commissioner disciplined Williams for "poor performance." The most similar offense enumerated in the Personnel Regulations is "Inefficiency and Incompetence." See Fulton County Personnel Regulation 1800-2, Article 10 (A). The Personnel Regulations required the Personnel Board to ensure that Williams's punishment was of comparable severity to the punishments established for "Inefficiency and Incompetence." Fulton County Personnel Regulation 1800-2, Article 21 (C). The record shows that this was Williams's first offense and that his performance had been satisfactory in

---

[3] *Dept. of Corrections v. Hemphill*, 134 Ga. App. 65, 66 (213 SE2d 169) (1975).

prior years. The penalties for a first offense of "Inefficiency and Incompetence" range from a written warning to demotion. Fulton County Personnel Regulation 1800-2, Article 10 (A). The Personnel Board, in reducing Williams's dismissal to a demotion, did not establish a standard for termination that is not found in the Personnel Regulations. Instead, the Personnel Board followed the Personnel Regulations' mandate to make Williams's punishment comparable in severity to those established for similar offenses listed in the regulations. This enumeration of error is meritless.

4. The Tax Commissioner contends that there was no evidence to support the reduction of Williams's termination to a demotion. Our review of this enumeration of error is limited to a determination of whether there was any evidence to support the Personnel Board's decision. *Hanrahan,* supra. There is evidence in the record to support the Personnel Board's reduction of Williams's discipline. Williams's performance had been satisfactory prior to the events at issue. There is evidence in the record that many of the problems at issue were caused by the extensive computer problems experienced by the Tax Commissioner's Office during this time frame. Although both the hardware and software in question were upgraded, the problems persisted and forced the accounting division to manually perform tasks that had previously been automated. This is sufficient evidence to authorize the Personnel Board's decision.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 20, 2004.

*Vernitia A. Shannon, John A. Ayoub,* for appellant.

*Hallowell, Foster & Gepp, Randy C. Gepp, Karen M. Patten,* for appellee.