A04A1686. COWETA COUNTY et al. v. HENDERSON.
(606 SE2d 7)

BLACKBURN, Presiding Judge.

Following the entry of the trial court's order reinstating Danny Russell Henderson as a firefighter with the Coweta County Fire Department, Coweta County and Eddie Ball, chairman of the Coweta County Personnel Department, appeal, contending that the trial court erred in ordering Henderson's reinstatement and in applying an improper standard of review. For the reasons which follow, we reverse.

The record shows that on May 16, 2003, Henderson, a Coweta County firefighter, was selected at random to be tested for drugs under the County's personnel policy. Henderson's urine sample tested positive for amphetamine and methamphetamine.

Coweta County's personnel policy requires automatic termination in the event of a positive drug test. On May 22, 2003, the Coweta County fire chief, who had the positive results of the County's drug screen, notified Henderson of his intent to terminate his employment and of Henderson's right to respond. Henderson told the fire chief and the county personnel director that he had been taking prescription medicine at the time of the drug test and asked that a split sample be

tested by another laboratory. Henderson provided the county medical review officer with a list of the medications he was taking and his prescription, and asked that this information be sent along with the sample to the laboratory that would be doing the split sample test. The result of the split sample test was positive. At this point, the fire chief terminated Henderson.

Henderson appealed his termination, and a hearing was held before a three-member personnel panel. Following the hearing, the panel recommended that Henderson's termination "stand and no further action be taken." On August 29, 2003, Henderson filed a petition for writ of certiorari to the superior court, which reviewed the record, conducted a hearing, and reversed, ordering Henderson's reinstatement as a firefighter.

Coweta County argues that the superior court erred in overlooking and discounting the fact that the County presented substantive evidence of the positive findings of the drug tests. The County contends that, in doing so, the superior court applied the wrong standard of review to the personnel panel's decision. We agree.

> The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by *any evidence*. On appeal to this Court, "our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency."

(Emphasis in original.) *Jamal v. Thurmond*.[1] We must, therefore, determine whether any evidence supports the personnel panel's recommendation that Henderson's termination stand.

The superior court, while acknowledging in its order that the any evidence rule was the proper standard of review, failed to apply that standard. In its order, the superior court stated: "The Court is cognizant of the 'any evidence' rule applicable and recognized by all sides of this controversy, but finds the County's evidence to be conflicted by petitioner. Therefore in a sense of fairness and equity this Court finds inconclusive the 'positive findings.'" In doing so, the superior court ignored the appropriate standard of review and instead weighed the evidence, gave more credibility to the evidence submitted by Henderson, and, in a "sense of fairness and equity," discounted the evidence supporting the personnel board's decision. This it had no authority to do. Beyond that, the superior court also

---

[1] *Jamal v. Thurmond*, 263 Ga. App. 320 (587 SE2d 809) (2003).

went on to order that "petitioner submit a drug screen once a month at his expense for six consecutive months and that he be subject to random testing as [prescribed] by his employer." The superior court's sole task on Henderson's writ of certiorari was to review the record and apply the proper standard of review to the personnel panel's decision. It not only failed to do this, but also exceeded its authority under OCGA § 5-4-12 in requiring Henderson to have additional drug screens at his own expense since under the statute "[t]he scope of review shall be limited to all errors of law and determination as to whether the judgment or ruling below was sustained by substantial evidence."

Turning again to the record and applying the proper standard of review, we find that some evidence supported the personnel board's decision to terminate Henderson's employment. The evidence showed that Henderson admitted to failing a county random drug test administered on May 16, 2003. Further, Henderson admitted at the personnel hearing that he had also failed a drug test administered by his own personal physician on that same day. In terminating Henderson's employment, Coweta County followed appropriate procedures as outlined in the Personnel Management System. A split test was done at Henderson's request, and this test also yielded a positive result. This evidence supports the decision of the personnel panel, and the decision of the superior court reinstating Henderson as a firefighter must, therefore, be reversed.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 27, 2004 —
RECONSIDERATION DENIED OCTOBER 21, 2004.

*Glover & Davis, Asa M. Powell, Jr., Jerry A. Conner*, for appellants.

*McKenney & Froelich, William J. McKenney*, for appellee.