A07A2185, A07A2186. PRIME HOME PROPERTIES, LLC
v. ROCKDALE COUNTY BOARD OF HEALTH; and
vice versa.
(660 SE2d 44)

ELLINGTON, Judge.

In Case No. A07A2185, a Rockdale County jury awarded damages to real estate developer Prime Home Properties, LLC ("Prime") on its inverse condemnation claim against the Rockdale County Board of Health ("the Board"). Prime appeals from the final judgment, contending the court erred in granting summary judgment in favor of the Board on Prime's other claims, and allowing only the inverse condemnation claim to proceed to the jury. Prime also argues that, because the claims disposed of at summary judgment were justiciable, the court erred in awarding attorney fees to the Board. In Case No. A07A2186, the Board cross-appeals, contending, inter alia, that it was entitled to a judgment in its favor on the inverse condemnation claim, and that the court should have directed a verdict on that claim. For the reasons that follow, we affirm in Case No. A07A2185 and reverse in Case No. A07A2186.

*Case No. A07A2185*

1. In five related enumerations of error, Prime contends the trial court erred in granting summary judgment on its claims pertaining to the enactment and application of the ordinance at issue. On appeal, we review the trial court's grant or denial of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when no issue of material fact exists as to any one element and the moving party is entitled to judgment as a matter of law. *Ford v. Bank of America Corp.*, 277 Ga. App. 708 (627 SE2d 376) (2006).

So viewed, the record shows that in September 2002, Prime purchased a 193-acre tract of land known as the Riverclift subdivision. The tract had been subdivided into 20,000 square foot residential lots. Prime's principals purchased the tract with the knowledge that the Rockdale County Board of Health had adopted a resolution in August 2000 changing the minimum lot size for homes using septic systems to 25,500 square feet. After purchasing the land, Prime renamed the subdivision Fountainbleau, revised its design to create larger lots from 25,000 square feet up to three acres, and sought approval from the county in January 2004 to proceed with the project. The approval process required that the plan be accepted by the Rockdale County Board of Health.

The Board approved the subdivision plan in June 2004, but six of the 112 lots were not initially approved for building because, excluding the square footage situated in a flood plain, those lots lacked the 25,500 square feet of usable square footage necessary for the planned septic systems. The Board reasoned that flood plain land should not be considered when calculating the usable square footage based upon its interpretation of the county's flood plain ordinance and the Georgia Department of Human Resources technical manual.[1] Nevertheless, the Board ultimately approved these six lots for development in August 2006. The Board also revised its regulation governing the minimum lot size for homes with septic systems to clarify that flood plain land would be excluded from the minimum lot size calculations.

Prime contends the court erred in granting summary judgment to the Board on its claims because (a) the ordinance, as enacted, was arbitrary, capricious, and unreasonable, and was not based on scientific data when enacted; (b) the ordinance was unconstitutional because the Board encroached on the county's zoning power; (c) the ordinance, since its enactment, has been applied unequally; (d) the Board and its members were not immune from suit for enacting the ordinance as their acts were ministerial or outside the scope of their employment; (e) the Board was liable to Prime for damages under 42 USC § 1983 for applying the ordinance in an arbitrary and capricious manner.

We are unable to review the merits of Prime's arguments because Prime failed to plead and prove an essential element of its case — the ordinance itself. Upon receiving this appeal, we ordered Prime to

---

[1] According to one witness, at that time, a Rockdale County ordinance provided that "[o]n-site waste disposal systems shall be located and constructed to avoid impairment to them or contamination from them during flooding." The witness testified that a 2002 or 2003 Georgia Department of Human Resources technical manual provided that "no part of a one-hundred year flood plain may be considered for on-site sewage management installation."

recast its brief and directed that every fact upon which the parties relied be supported by a record citation. We reminded Prime that "it is not the function of this court to cull the record on behalf of a party." (Citation and punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997). Despite this admonition, Prime has failed to provide any record cite to the ordinance at issue. Although it is not the function of this Court to cull the record, we searched for a certified copy of the ordinance, or for any evidence that the ordinance was pled verbatim in Prime's complaint and admitted in the Board's answer. We failed to find this or any other proof that the ordinance was proved by proper means below. Consequently we are unable to determine exactly what the ordinance provided, whether it was in force during the relevant time period, and whether the ordinance at issue (which apparently has since changed) was the one Prime contends was improperly interpreted or applied.

It has long been the law that county ordinances constitute foreign law, and neither we nor the superior court can take judicial notice of them. *Leger v. Ken Edwards Enterprises*, 223 Ga. 536, 539 (2) (156 SE2d 651) (1967); see OCGA § 24-1-4.[2] A county ordinance has the status of a private act and must be pled and proved. *Childers v. Richmond County*, 266 Ga. 276 (467 SE2d 176) (1996); *Outdoor Systems v. Cherokee County*, 243 Ga. App. 406, 407 (1) (533 SE2d 446) (2000). The proper method of proving such an ordinance is "by production of the original or of a properly certified copy." *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). Parol evidence is generally insufficient to prove an ordinance. *Greenberg v. Rothberg*, 72 Ga. App. 882, 883 (3) (35 SE2d 485) (1945). If "the ordinance or regulations are set forth verbatim in the pleadings or an uncertified copy is attached to the complaint and the defendant admits the ordinance or regulations in the answer, then the ordinance or regulations have been proven." (Citation omitted.) *Outdoor Systems v. Cherokee County*, 243 Ga. App. at 407 (1).

---

[2] OCGA § 24-1-4 provides:

The existence and territorial extent of states, their forms of government, symbols of nationality, the laws of nations, all laws and resolutions of the General Assembly and the journals of each branch thereof as published by authority, the laws of the United States and of the several states thereof as published by authority, general customs of merchants, the admiralty and maritime courts of the world and their seals, the political constitution and history of our own government as well as the local divisions of our own state, the seals of the several departments of the government of the United States and of the several states of the Union, and all similar matters of public knowledge shall be judicially recognized without the introduction of proof.

There is no evidence in the record demonstrating that the ordinance was properly proved below. Prime has also failed to introduce certified or original copies of the Board's agendas, minutes, resolutions, or any other official record pertaining to the ordinance or its adoption. Because these key documents were not properly made a part of the record, neither we nor the superior court could address Prime's arguments challenging the ordinance, its adoption, its interpretation, or its application. See *Strykr v. Long County Bd. of Commrs.*, 277 Ga. 624, 626 (6) (593 SE2d 348) (2004) ("[W]e cannot address [the plaintiff's] constitutional arguments challenging alleged language in portions of the ordinance not pled and proved.") (citation omitted). Although the superior court did not rely on this principle when it granted summary judgment, a judgment right for any reason will be affirmed. *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 28 (2). Further, Prime bears the burden of showing harmful error on appeal, and it must show this by the record, not merely by assertions appearing in their briefs or enumerations of error. *Cody v. Wanton*, 265 Ga. App. 174 (593 SE2d 371) (2004). This it has also failed to do. Consequently, we must affirm the trial court's order granting summary judgment as to these claims.

2. The trial court awarded the Board $12,000 in attorney fees pursuant to OCGA § 9-15-14 (a) *and* (b) based upon its findings that "with the exception of the inverse condemnation claim, [Prime] lacked a legal and/or factual basis for bringing damage claims against [the Board and its individual members]" *and* that Prime unnecessarily expanded the litigation. Prime argues that the court erred because its claims when filed were justiciable and the award was improper under OCGA § 9-15-14 (a).

Pretermitting whether Prime's OCGA § 9-15-14 (a) argument has merit, the award was also made pursuant to OCGA § 9-15-14 (b), which Prime has failed to contest specifically or to address with legal argument and citation to authority. Because the award may be sustained on independent grounds, the merits of which are not before us, addressing the error raised would be purely advisory, and this we are not authorized to do. *Bibbins v. State*, 280 Ga. 283, 284-285 (627 SE2d 29) (2006) ("Georgia appellate courts are not authorized to render advisory opinions as to potential error.") (citations omitted).

### Case No. A07A2186

3. The Board contends the trial court erred in allowing Prime's inverse condemnation claim to proceed to the jury because Prime failed to prove a "taking" for a public purpose necessary to support a claim for inverse condemnation. The Board contends the court should have granted its motion for a directed verdict or its motion for

judgment notwithstanding the verdict ("j.n.o.v.") made upon the same grounds. We agree and reverse.

> On appeal from a trial court's rulings on motions for directed verdict and j.n.o.v., we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments n.o.v. are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict. In considering a motion for a j.n.o.v., we review the evidence in the light most favorable to the party who won and who opposed the motion. If any evidence supports the verdict, we will affirm the trial court's denial of the motion.

(Citations and punctuation omitted.) *James E. Warren, M.D., P.C. v. Weber & Warren Anesthesia Svcs.*, 272 Ga. App. 232, 235 (2) (612 SE2d 17) (2005).

The record below shows that Prime purchased the subdivision in 2002, two years after the ordinance pertaining to the minimum lot size for homes on septic systems allegedly went into effect. The claimed "taking" was not an encroaching nuisance or a new zoning or regulatory event that resulted in the diminished utility and functionality of Prime's land. Rather, Prime contended that the Board's allegedly improper interpretation and enforcement of existing health regulations, regulations the Board initially interpreted to exclude land in the flood plain from the calculation of "usable" square footage, delayed its development of the property and constituted a temporary taking.

The record shows that, although Prime experienced a delay in developing the six lots at issue, it was not prevented from marketing and developing the subdivision, and as late as August 2006 was still holding twenty-two lots in reserve to sell to other builders. There is no evidence that Prime was prevented from making other uses of those six lots during the administrative process, or that it was prevented from reconfiguring the lots to conform with the ordinance. Further, it is undisputed that all required approvals have occurred for the six lots at issue. Finally, there is no evidence that the six lots at issue decreased in value as a result of the delay; in fact, they maintained their value and Prime expected to sell them.

We have held that circumstances like these are insufficient as a matter of law to establish the requisite taking for purposes of a claim of damages for inverse condemnation. *Cobb County v. McColister*, 261 Ga. 876, 877 (413 SE2d 441) (1992) (where owner was not deprived of all use of his property when the board of commissioners refused to

grant his application for rezoning, and, where appellee still had possession and use of the land and could have built in accordance with the existing zoning or applied for a different type of zoning, there was no compensable taking); *Dover v. City of Jackson*, 246 Ga. App. 524, 527-528 (2) (a) (541 SE2d 92) (2000) (even if the present zoning was deemed unconstitutional, appellant was not deprived of all economically beneficial use of its property, and, therefore, did not suffer a compensable taking); *Forsyth County v. Greer*, 211 Ga. App. 444, 446 (2) (b) (439 SE2d 679) (1993) (where subdivision owners were able to make any use of their property during the administrative processes, where the completion of the project was simply delayed, and where it was undisputed that development proceeded in the subdivision and all approvals occurred, owners did not suffer a compensable taking). Because the evidence adduced does not support a finding that Prime suffered a compensable taking, the court erred in denying the Board's motions for directed verdict and a j.n.o.v. Consequently, we must reverse.

4. Given our holding in Division 3, the Board's remaining enumerations of error are moot.

*Judgment affirmed in Case No. A07A2185. Judgment reversed in Case No. A07A2186. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 18, 2008 —
RECONSIDERATION DENIED APRIL 2, 2008 —

*Lawrence G. Morton*, for appellant.
*Royal, Washburn & Will, David C. Will, Michelle K. McDonald*, for appellee.