**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 1, 2013**

# In the Court of Appeals of Georgia

A13A0447. WALLEYE, LLC et al. v. CITY OF FOREST PARK.     DO-026

DOYLE, Presiding Judge.

Property owners Walleye, LLC, and JGP&P, LLC (collectively "the Property Owners"), appeal from the trial court's grant of summary judgment in favor of the City of Forest Park with regard to the Property Owners' suit for inverse condemnation.[1] The Property Owners appeal, arguing that the trial court incorrectly applied the vested property rights requirement to their inverse condemnation claim. For the reasons that follow, we affirm.

---

[1] In Case No. A12A1620, this Court affirmed without opinion a related appeal brought by the tenants of the Property Owners, who alleged various causes of action against the City related to the City's denial of the tenants' licenses to operate adult businesses in the Property Owners' buildings.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. We review de novo a trial court's grant of summary judgment. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.[2]

Viewed in this light, the record shows that Walleye, LLC, owns property at 3920 Jonesboro Road in 1997 at which Red Eyed, Inc., operated the Crazy Horse Saloon, and JGP& P, LLC, acquired property at 4730 Frontage Road in 2004 at which Mia Luna, Inc., operated the Pink Pony South. Red Eyed, Inc., and Mia Luna, Inc., (collectively "the Clubs") are not parties to this lawsuit. Crazy Horse Saloon and Pink Pony South both operated as nude dancing businesses with private rooms and on-site alcohol service.

---

[2] (Punctuation omitted.) *Travelers Excess &c. v. City of Atlanta*, 297 Ga. App. 326 (677 SE2d 388) (2009), quoting *Duke Galish, LLC v. Manton*, 291 Ga. App. 827, 827-828 (662 SE2d 880) (2008). See also *Prime Home Properties, LLC v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 701 (1) (660 SE2d 44) (2008) ("a judgment right for any reason will be affirmed").

In March 2009, the City enacted a new ordinance, which repealed the previous sexually-oriented businesses code under Title 9, Chapter 12, and enacted a revised code, banning the sale of alcohol and the use of private booths at nude dancing establishments. In December 2010, the Clubs renewed their applications for 2011 adult entertainment licenses, but the licenses were not renewed because the premises violated the ban on private booths. Although in 2011 the Clubs' performers began appearing in bikinis, two employees were cited for violation of the City's alcohol code. The Clubs' 2012 business licenses were subsequently non-renewed based on the Clubs' failure to pay City taxes and prior-cited ordinance violations by the Clubs' employees. Since January 15, 2012, the Clubs have ceased operation.

Based on the Clubs' closures, the Property Owners filed the instant lawsuit alleging an inverse condemnation claim because (1) there are no viable uses of the Properties other than that previously operated by the Clubs; and (2) the City has deprived the Property Owners of all viable economic use of the property. The City filed a motion for summary judgment, which the trial court granted, finding that the Property Owners did not have vested property rights in renewed adult business or

alcohol licenses, and therefore, they failed to establish a regulatory taking by the City.[3]

The Property Owners appeal, arguing that it is unnecessary for them to establish a vested property right in order to establish an inverse condemnation by the City. In their effort to circumvent such a showing, they argue that the license requirement applied only to their tenants, and thus, the vested property right requirement does not apply to their case. Nevertheless, this very argument establishes that the Property Owners have failed to state a claim for which they can recover because not only have they failed to present any evidence that their property could not be converted to a use other than an adult business, but because the zoning for the particular parcels allows for adult business, the Property Owners also have failed to show that they could not continue leasing their buildings to other businesses in the same category that would not have violated the City's licensing rules and could

---

[3] See *Goldrush II v. City of Marietta*, 267 Ga. 683, 696-698 (9) & (10) (482 SE2d 347) (1997) ("The annual issuance of the licenses could not create a mutually explicit understanding that licenses would annually be issued to appellants indefinitely, for nowhere does the city code provide that the licensing requirements will remain static." Furthermore, "[t]hose who hold licenses that expire annually act at their peril and assume the risk that their licenses might not be renewed notwithstanding they have committed their lives and their capital to building their businesses which need licenses to operate.") (punctuation omitted).

4

operate legally within the City.[4] The only evidence presented is a single conclusory statement in the affidavit of Dennis Williams, the "business agent and representative" of the Property Owners, who summarily concludes that "[i]f the Businesses are not allowed to re-open as adult entertainment establishments, the value of the Properties will fall to next to nothing." Thus, the Property Owners have failed to present evidence of a compensable taking, and the trial court's grant of summary judgment to the City was right for any reason.[5]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[4] See *Dover v. City of Jackson*, 246 Ga. App. 524, 528 (2) (a) (541 SE2d 92) (2000) ("a landowner must show that he has been deprived of all economically beneficial use of the property"). See generally *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995) ("[E]vidence must be competent and admissible to raise a genuine issue of material fact on review of a summary judgment motion.").

[5] See *Prime Home Properties*, 290 Ga. App. at 702-703 (3) (collecting cases in which owner failed to establish inverse condemnation claim as a matter of law).