**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 23, 2015**

# In the Court of Appeals of Georgia

A15A1613. DOWDELL v. FITZGIBBON, CHIEF APPRAISER   DI-078
    FOR THE FULTON COUNTY BOARD OF TAX
    ASSESSORS, FULTON COUNTY, GEORGIA.

DILLARD, Judge.

In this discretionary appeal, Mark Dowdell appeals from the Superior Court of Fulton County's reversal of a decision by the Fulton County Personnel Board ("the Board") to suspend his employment with the Fulton County Board of Tax Assessors rather than terminate him. Dowdell argues on appeal that the superior court erred in (1) concluding that the Board had made an "indirect" finding as to his violation of the personnel regulation at issue, (2) holding that the Board lacked the authority to reduce a termination to a suspension, and (3) holding that the Board lacked discretion to reduce the severity of the remedy for the violation at issue. But because neither the

record before us nor the record before the superior court contains properly proved personnel regulations, we are constrained to reverse without reaching the merits.

The record reflects that Dowdell was terminated from his employment with the Fulton County Board of Tax Assessors after a meeting with his immediate supervisor and with the deputy chief appraiser who supervises the entire residential staff, including Dowdell and his immediate supervisor. During the meeting, Dowdell was asked about his mishandling of files that were left in a hallway outside of his supervisor's door. Dowdell became defensive and stood up over his supervisor, yelling at her. The deputy chief appraiser told Dowdell to sit down several times, but he only complied with this directive after the deputy chief appraiser threatened to call security.

David Fitzgibbon, the chief appraiser, investigated the incident and concluded that Dowdell violated three Fulton County personnel regulations and one Fulton County policy. Eventually, Fitzgibbon terminated Dowdell, who appealed to the Board.

After its review, the Board concluded that there was insufficient evidence and testimony to uphold the discipline in connection with two of the three regulations and with the county policy; however, it concluded that the evidence warranted suspension

2

rather than dismissal for Dowdell's violation of the remaining regulation—*i.e.*, Personnel Regulation 1800, Article 11 (B) – Insubordination. Fitzgibbon then filed a petition for a writ of certiorari in the superior court.

The superior court reversed the Board, concluding that the Board erred as a matter of law by imposing its own less severe discipline despite determining, indirectly, that Dowdell violated Personnel Regulation 1800, Article 11 (B), which was his third offense in less than two years. And according to the superior court, the regulation *required* dismissal for a third violation. Dowdell then filed an application for discretionary appeal, seeking review of the superior court's decision, which we granted. This appeal follows.

Initially, we note that the appropriate standard of review to be applied to "issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence."[1] Then, on appeal to this Court, our duty is "not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative

---

[1] *Tax Comm'r of Fulton Cty. v. Williams*, 267 Ga. App. 139, 139 (598 SE2d 862) (2004) (punctuation omitted); *accord Coweta Cty. v. Henderson*, 270 Ga. App. 153, 154 (606 SE2d 7) (2004).

agency."[2] But in the case *sub judice*, we are required to reverse without reaching the merits of this appeal because neither the record before this Court nor the record before the superior court contained properly proved copies of the regulations at issue. Indeed, in supplemental briefs—which this Court invited the parties to file in order to address this issue—both parties agree that the record does not contain a certified copy of the relevant personnel regulations.

It is well established that neither this Court, nor the superior courts, may take judicial notice of city or county ordinances, which instead must be alleged and proved.[3] And likewise, "rules and regulations of a state agency, county, municipality, or private agency, unless published by authority, cannot be judicially noticed."[4] The

---

[2] *Williams*, 267 Ga. App. at 139 (punctuation omitted); *accord Henderson*, 270 Ga. App. at 154.

[3] *See Childers v. Richmond Cty.*, 266 Ga. 276, 277 (467 SE2d 176) (1996) ("[I]t is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved." (punctuation omitted)); *see also Morrow v. Angkawijana, LLC*, 327 Ga. App. 1, 5 (1) (755 SE2d 561) (2014) ("[W]e are unable to review the merits of the [appellant's] arguments in this regard because they have failed to prove the Gwinnett County regulations upon which they rely to support their claim. The [appellants] fail to cite us to any certified copy in the record of the Gwinnett County regulations, and we have found none.").

[4] *Outdoor Sys., Inc. v. Cherokee Cty.*, 243 Ga. App. 406, 407 (1) (533 SE2d 446) (2000).

proper method of proving a county regulation is by production of the original or of a properly certified copy.[5] And here, although copies of the relevant regulations appear in the certified copy of the *proceedings* before the Board, which were then transmitted to the superior court, a certified copy of the *regulations* was neither filed with nor tendered to the superior court. Thus, because the record contains "no proper proof of the [relevant personnel regulations], we cannot consider its language."[6]

The superior court's order reflects that it found "that there was sufficient evidence to support the . . . Board's finding of insubordination under Personnel Regulation 1800, Article 11 (B); however the Personnel Board made an error of law with regard to the discipline imposed for this third (3rd) instance of insubordination in less than two years." The superior court then looked to the relevant Fulton County personnel regulations to evaluate their discipline structure and to reach its conclusion that the Board erred as a matter of law by substituting its own judgment to determine the appropriate level of discipline. Then, once again, the superior court concluded that the evidence supported the Board's conclusion that Dowdell had violated the relevant

---

[5] *Morrow*, 327 Ga. App. at 5 (1); *see also Thorsen v. Saber*, 288 Ga. 18, 19 (1) (701 SE2d 133) (2010) ("The proper method of proving a city ordinance is by production of the original or of a properly certified copy.").

[6] *Thorsen*, 288 Ga. at 19 (1) (punctuation omitted).

5

regulation but, according to the court, the regulation itself provided for the minimum level of discipline in the instance of a third violation.

In looking to the superior court's order and to the initial briefs by the parties on appeal, it is readily apparent that the issues focus entirely on whether there is sufficient evidence to support the Board's decision as to whether Dowdell violated specific county regulations and, if so, whether these regulations mandate a particular level of discipline and/or impact any discretion the Board may have in imposing such discipline. But because copies of the regulations at issue were not properly before the superior court,[7] the court erred in basing its decision on those regulations.[8]

Accordingly, for all of the foregoing reasons, we reverse.

*Judgment reversed. Ellington, P. J., and McFadden, J., concur*.

---

[7] *See, e.g.*, *Childers*, 266 Ga. at 276 ("It is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved.").

[8] *See Barrett v. Sanders*, 262 Ga. App. 63, 66 (2) (584 SE2d 676) (2003) (holding that superior court erred in reaching conclusions based upon regulations that were not properly before the court); *see also Childers*, 266 Ga. at 276 ("[T]he trial court erred in ordering appellants to comply with the terms of an ordinance not properly before the court." (citations and punctuation omitted)).